UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANGEL ADRIAN YAMBA LATA and JAIRO DANILO
CHUQUITARCO CHICAIZA, individually and on behalf of all
others similarly situated,

                               Plaintiffs,

        -against-

LIVE CONSTRUCTION CORP. and ANTHONY LOPEZ, as
an individual,

                              Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

      Plaintiffs, **ANGEL ADRIAN YAMBA LATA and JAIRO DANILO CHUQUITARCO CHICAIZA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, through undersigned counsel, brings this action against **LIVE CONSTRUCTION CORP. and ANTHONY LOPEZ, as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at against **LIVE CONSTRUCTION CORP.**, located at 15 Kenilworth Ln., Warwick, NY 10990.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. The Plaintiffs primarily performed work for the Defendants at 1102 Myrtle Avenue, Brooklyn, NY 11206 ("the Job Site") and it is this location that Plaintiffs alleged they were not properly compensated, forming the basis of the instant lawsuit.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

8. Plaintiff ANGEL ADRIAN YAMBA LATA residing at Bronx, NY was employed by LIVE CONSTRUCTION CORP., located at 15 Kenilworth Ln., Warwick, NY 10990 from in or around November 2022 until in or around May 2023.

9. Plaintiff JAIRO DANILO CHUQUITARCO CHICAIZA residing at Bronx, NY was employed by LIVE CONSTRUCTION CORP., located at 15 Kenilworth Ln., Warwick, NY 10990 from in or around January 2023 until in or around May 2023.

### *The Defendants*

### Live Construction Corp.

10. Defendant, LIVE CONSTRUCTION CORP., is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices and service of process address located at 15 Kenilworth Ln., Warwick, NY 10990.

11. Defendant, LIVE CONSTRUCTION CORP., is a New York domestic business corporation authorized to do business under the laws of New York.

*Individual Defendant*

**Anthony Lopez**

12. At all relevant times hereto, Defendant ANTHONY LOPEZ owns and operates LIVE CONSTRUCTION CORP.

13. Upon information and belief, Defendant ANTHONY LOPEZ is an agent of LIVE CONSTRUCTION CORP.

14. At all relevant times hereto, Defendant ANTHONY LOPEZ is responsible for overseeing the daily operations of LIVE CONSTRUCTION CORP.

15. At all relevant times hereto, Defendant ANTHONY LOPEZ has power and authority over all the final personnel decisions of LIVE CONSTRUCTION CORP.

16. At all relevant times hereto, Defendant ANTHONY LOPEZ has the power and authority over all final payroll decisions of LIVE CONSTRUCTION CORP., including the Plaintiffs.

17. At all relevant times hereto, Defendant ANTHONY LOPEZ has the exclusive final power to hire the employees of LIVE CONSTRUCTION CORP., including the Plaintiffs.

18. At all relevant times hereto, Defendant ANTHONY LOPEZ has exclusive final power over the firing and terminating of the employees of LIVE CONSTRUCTION CORP., including Plaintiffs.

19. At all relevant times hereto, Defendant ANTHONY LOPEZ is responsible for determining, establishing, and paying the wages of all employees of LIVE CONSTRUCTION CORP., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendant ANTHONY LOPEZ was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

21. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that LIVE CONSTRUCTION CORP., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material

that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## THE JOB SITE

22. At all relevant times hereto, Plaintiffs are former employees of Defendants who performed work primarily at a job site located at 1102 Myrtle Avenue, Brooklyn, NY 11206 ("the Job Site"), performing construction.

## FACTUAL ALLEGATIONS
## ANGEL ADRIAN YAMBA LATA

23. Plaintiff ANGEL ADRIAN YAMBA LATA was employed by LIVE CONSTRUCTION CORP., with primary duties as a construction worker, carpenter, and concrete worker while performing related miscellaneous duties for the Defendants, from in or around November 2022 until in or around May 2023.

24. During Plaintiff ANGEL ADRIAN YAMBA LATA's employment with Defendants, Plaintiff regularly worked five (5) days per week from in or around November 2022 until in or around May 2023.

25. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 5:30 p.m. or later, three (3) days per week, and from approximately 7:00 a.m. each workday and regularly ending at approximately 10:00 p.m. or later, two (2) days per week, from in or around November 2022 until in or around May 2023.

26. Thus, Plaintiff was regularly required to work approximately sixty-one-and-a-half (61.5) hours per week from in or around November 2022 until in or around May 2023.

27. Plaintiff was paid by Defendants approximately $34.00 per hour from in or around November 2022 until in or around May 2023.

28. Plaintiff was paid up to his first 40 hours of work at his regular hourly rate and was paid for overtime at the rate of time-and-a-half (1.5) only for his approximately 5 hours in excess of 40 per week.

29. However, Plaintiff was not compensated at all for his remaining sixteen-and-a-half (16.5) overtime hours each week.

4

30. Although Plaintiff regularly worked sixty-one and a half (61.5) hours or more hours per week from in or around November 2022 until in or around May 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his remaining 16.5 overtime hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Furthermore, Plaintiff was not compensated at all by Defendants for his last six (6) work weeks of employment.

32. Due to Defendant's non-payments, Plaintiff experienced a myriad of financial difficulties specifically in covering his regular expenses such as bills, food, transportation, and other expenses.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

34. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

35. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

36. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper minimum wages and overtime wages.

37. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

38. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and

proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### JAIRO DANILO CHIQUITARCO CHICAIZA

39. Plaintiff JAIRO DANILO CHUQUITARCO CHICAIZA was employed by LIVE CONSTRUCTION CORP., with primary duties as a construction worker, carpentry helper, and concrete worker while performing related miscellaneous duties for the Defendants, from in or around January 2023 until in or around May 2023.

40. During Plaintiff JAIRO DANILO CHUQUITARCO CHICAIZA's employment with Defendants, Plaintiff regularly worked five (5) days per week from in or around January 2023 until in or around May 2023.

41. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, three (3) days per week, and from approximately 7:00 a.m. each workday and regularly ending at approximately 10:00 p.m. or later, two (2) days per week, from in or around January 2023 until in or around May 2023.

42. Thus, Plaintiff was regularly required to work approximately fifty-five-and-a-half (55.5) hours per week from in or around January 2023 until in or around May 2023.

43. Plaintiff was paid by Defendants approximately $27.00 per hour from in or around January 2023 until in or around May 2023.

44. Plaintiff was paid up to his first 40 hours of work at his regular hourly rate and was paid for overtime at the rate of time-and-a-half (1.5) only for approximately 6 hours in excess of 40 per week.

45. However, Plaintiff was not compensated at all for his remaining nine-and-a-half (9.5) overtime hours each week.

46. Although Plaintiff regularly worked fifty-five and a half (55.5) hours or more hours per week from in or around January 2023 until in or around May 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his remaining 9.5 overtime hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Furthermore, Plaintiff was not compensated at all by Defendants for his last two (2) work weeks of employment.

48. Due to Defendant's non-payments, Plaintiff experienced a myriad of financial difficulties specifically in covering his regular expenses such as bills, food, transportation, and other expenses.

49. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

50. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

51. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

52. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper minimum wages and overtime wages.

53. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

54. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## **DEFENDANTS' VIOLATIONS UNDER NYLL**
## **COMMON TO ALL PLAINTIFFS**

55. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.
56. Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.
57. Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.
58. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.
59. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
61. Collective Class: All persons who are or have been employed by the Defendants as construction workers, carpenters, carpentry helpers, concrete workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants'

common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

62. Upon information and belief, Defendants employed approximately 20 or more employees within the relevant time period who were subjected to similar payment structures.

63. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

64. Defendants' unlawful conduct has been widespread, repeated, and consistent.

65. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

66. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

67. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

68. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

69. The claims of Plaintiffs are typical of the claims of the putative class.

70. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

71. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

74. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

75. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

76. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

77. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

78. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

81. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which

Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

82. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

85. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

86. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

87. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

88. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

90. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's

fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).

93. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

94. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

95. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

96. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

  f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

  g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 27, 2024
    Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGEL ADRIAN YAMBA LATA and JAIRO DANILO CHUQUITARCO CHICAIZA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

LIVE CONSTRUCTION CORP. and ANTHONY LOPEZ, as an individual,

Defendants,

**COLLECTIVE ACTION COMPLAINT**

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

*Service via Secretary of State:*
**LIVE CONSTRUCTION CORP. (DOS ID: 5831942)**
15 Kenilworth Ln., Warwick, NY 10990


*via Personal Service:*
**LIVE CONSTRUCTION CORP.**
1102 Myrtle Avenue, Brooklyn, NY 11206

**ANTHONY LOPEZ**
1102 Myrtle Avenue, Brooklyn, NY 11206